Richard DEGRIJZE, Plaintiff–
Appellant,

v.

Sandra RENIHAN, Principal Clerk, individual and private capacity and official capacity, Defendant–Appellee,

C. Artuz, Warden of Green
Haven, Defendant.

No. 00–0078.

United States Court of Appeals,
Second Circuit.

Feb. 14, 2001.

---

Richard Degrijze, Stormville, NY, pro se.

Eliot Spitzer, Attorney General of the State of New York; Michael S. Belohlavek, Deputy Solicitor General, Marion R. Buchbinder, Assistant Solicitor General, Rebecca Ann Durden, Nicola Grey, Assistant Attorneys General, New York, NY, on the brief, for appellee.

Present JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Richard Degrijze, pro se, in forma pauperis, and incarcerated, appeals from a judgment, entered after a jury verdict, dismissing his 42 U.S.C. § 1983 action against defendants Sandra Renihan and Chris Artuz for allegedly withholding notice of Degrijze's ex-wife's divorce proceeding against him.* The Complaint alleged that Renihan violated Degrijze's constitutional right to access to the courts by (1) withholding mail which would have given Degrijze notice of his then-wife's divorce proceeding against him and (2) filing an affidavit of service in which Renihan falsely swore that she had served Degrijze with the divorce papers. Degrijze alleged that as a result of these actions, the New York State Supreme Court granted his wife a divorce and suspended visitation of his two minor children for the period of his incarceration (20 years to life).

Degrijze's case against Renihan was tried to a jury in December 1999.** The jury found in favor of Renihan. On December 21, 1999, the district court entered judgment dismissing Degrijze's complaint. For the following reasons, we affirm the judgment entered by the district court that reflected the jury's verdict in favor of Renihan.

### 1. Sufficiency of Evidence

■ Degrijze is not entitled to make a sufficiency challenge on appeal because his counsel failed to make a Rule 50 motion for judgment as a matter of law. See Pittman v. Grayson, 149 F.3d 111, 119 (2d Cir.1998). Because we are not persuaded that the verdict in Renihan's favor constitutes "manifest injustice", we decline to address the merits of Degrijze's sufficiency claim.

### 2. Evidentiary Rulings

■ Degrijze argues that the district court erred in admitting the Arizona state court order denying Degrijze visitation rights due to his failure to participate in a scheduled hearing. Renihan sought to introduce the Arizona state court order only after Degrijze testified that the reason he lost visitation rights was because of the default judgment in the divorce proceeding and that, because of the divorce decree, he never had a hearing on the merits concerning the issue of visitation. The district court admitted the court order from Arizona after carefully considering whether its probative value outweighed any possible prejudicial effect. See Trial Transcript at 125 ("I have balanced under rule 430 and decided that its relevance outweighs any prejudice."). The admission of the Arizona court order was not an abuse of discretion.

■ Degrijze also contends that the jury verdict and judgment should be reversed because the court did not admit the two orders regarding Degrijze's 1992 and 1994 visitation petitions which, according to Degrijze, indicate that the petitions were dismissed due to the pending divorce proceeding and thus rebut the inference that he had a propensity to default on court proceedings. Neither of these documents were marked for identification or offered into evidence at trial and Degrijze's counsel failed to object to their omission. As a result, Degrijze may not challenge the jury's verdict on this basis.

---

* The district court granted summary judgment in favor of Artuz on the ground that Green Haven's out-going mail procedures do not rise to the level of a constitutional violation. Degrijze does not challenge this ruling on appeal and it is deemed to be waived. Therefore, the only defendant remaining on appeal is Sandra Renihan.

** Degrijze was represented by counsel at trial.

Trial courts have broad discretion over the admission of evidence and the court's determination as to relevance is entitled to substantial deference. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997) (internal citations omitted). Evidentiary rulings will be overturned only for abuse of discretion. *See id.* There is none here.

### 3. *Jury Instructions*

Degrijze argues that the district court committed reversible error by instructing the jury that "[e]xhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection", because this instruction prevented the jury from considering the 1992 and 1994 orders. Because Degrijze failed to object to the jury instructions at trial, our review is limited to whether the charge constituted plain error. *See Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir.1992) ("Absent objection, an error may be pursued on appeal only if it is plain error that may result in a miscarriage of justice, or in obvious instances of misapplied law." (internal quotation marks omitted)). The district court's instruction correctly stated the law and therefore was not error, let alone plain error.

### 4. *Defense Counsel's Summation*

Degrijze challenges the jury's verdict on the ground that defendant's counsel made reference to his felony conviction during closing arguments. Counsel's comments fairly rebutted Degrijze's testimony that he had abandoned his children only because of the divorce decree, and sought to demonstrate that the reason for Degrijze's absence was his imprisonment for 20 years to life. The district court's decision not to order a new trial on the basis of this reference to Degrijze's felony conviction was not reversible error.

For the reasons set forth above, the judgment is hereby AFFIRMED.